IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 15-CR-30157-SMY-1 |
| JASON J. PARMELEY, | ) ) ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Before the Court are Defendant Jason J. Parmeley's (Second) Motion for Copies (Doc. 617), Motion for Records (Doc. 618), Motion to Clarify Sentence (Doc. 619), Motion to Proceed *in forma pauperis* (Doc. 620), and Motion for Records (Doc. 621). In each motion, Parmeley seeks copies of the indictment, judgment, presentence report, plea agreements, transcripts, docket sheet, and/or "any other documents" related to sentencing and "Rule 20."

As the Court noted in its previous Order, (Doc. 612), defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). For that reason, before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel); (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing); and (3) that the documents requested are necessary for some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14.

These minimal requirements do not impose a substantial burden on prisoners who desire their records be sent to them at government expense.

In his Motion for Copies, Parmeley states that he contacted his attorney, Brian K. Trentman, who indicated he no longer has the requested documents (Doc. 617). His Motions for Records lists the documents that he wants and requests that they be produced "electronically via the same person of contact that has contacted [the Court] before" (Docs. 618 and 621). He specifically requests the "Notice of Entry for Judgment Order" so that he can be sure of his sentence (Doc. 619). Finally, he has produced an affidavit and an uncertified Prison Trust fund Account statement, as a Motion to Proceed *in forma pauperis*, showing a balance of $631.18 as of April 16, 2019 with approximately $1,200 in deposits for the previous 6 months (Doc. 620).

It is unclear from Parmeley's filings what type of appeal he wishes to file. Judgment was entered on June 8, 2017 (Doc. 587) making a notice of appeal due within 14 days. Fed.R.App.P. 4(b)(1). No notice of appeal has been filed. However, Parmeley filed a Motion to Vacate, Set Aside, or Correct Sentence on May 20, 2019 (19-cv-521-SMY), more than one year after the Judgment became final. *See* 28 U.S.C. § 2255(f). As such, Parmeley has not demonstrated that the requested documents are necessary for a non-frivolous court action.

Parmeley has also not demonstrated that he is indigent. He receives $200.00 in deposits every month and had a balance of over $600.00, an amount sufficient to pay for copies. Therefore, the Motions for copies (Doc. 617) and for records (Docs. 618 and 621) are again **DENIED**. In addition, the Motion to Proceed *in forma pauperis* (Doc. 620) is **MOOT** as merely filed to support his request for copies. If Parmeley wishes to pay for a copy of the requested documents, he will need to send a letter to the Clerk of Court and request the cost of production.

Finally, Parmeley's Motion for Clarification of the judgment is **GRANTED** insofar as the Clerk of Court is **DIRECTED** to mail to him a copy of the judgment (Doc. 587).

**IT IS SO ORDERED.**

**DATED: January 24, 2020**

**STACI M. YANDLE**
**United States District Judge**